**In re Grand Jury Investigation, Ralph DI PIERO.**

**In re Grand Jury Investigation, John GRANDE.**

Misc. Nos. 75-122, 75-125.

United States District Court,
E. D. Pennsylvania.

June 2, 1975.

J. Douglas McCullough, Philadelphia, Pa., for Gov't. in Di Piero.

Donald F. Manno, Philadelphia, Pa., for Gov't. in Grande.

Robert F. Simone, Philadelphia, Pa., for both witnesses Di Piero and Grande.

---

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Presently before the Court are motions by the Government to hold the two above named witnesses in civil contempt. Ralph Di Piero was served with a subpoena to appear and testify before a Grand Jury impaneled in the Eastern District of Pennsylvania. When Mr. Di Piero appeared before the Grand Jury on April 28, 1975, he refused to supply a requested handwriting exemplar, photograph and fingerprints. The Government then submitted a Motion to Compel Handwriting Exemplar, Fingerprints, and Photograph. Pursuant to said motion, this Court ordered Mr. Di Piero to supply the requested samples. Thereafter, the parties stipulated that had Mr. Di Piero reappeared before the Grand Jury panel, he would have again refused to supply the requested samples. On May 7, 1975, the Court held a hearing and oral argument on the Government's motion to hold Mr. Di Piero in contempt. Mr. Di Piero was present at the hearing. At the hearing, the Government withdrew its request for a fingerprint sample from Mr. Di Piero, but insisted that Mr. Di Piero provide a handwriting exemplar and a photograph.

John Grande was served with a subpoena to appear and testify before the same Grand Jury on April 28, 1975. Mr. Grande was also requested to supply a voice exemplar, which request was refused. The Government then submitted to this Court a Motion to Compel Voice Exemplar. Pursuant to the motion, this Court ordered Mr. Grande to supply the requested voice exemplar. After the Court issued its Order, the parties stipulated that had Mr. Grande reappeared before the Grand Jury panel, he would have again refused to supply the voice exemplar. The Court then scheduled a hearing and oral argument on the Government's motion to hold Mr. Grande in civil contempt. Mr. Grande was present at the hearing which was also held on May 7, 1975.

At the hearing, both witnesses contended that the Government attorneys, who are Special Attorneys with the United States Department of Justice, are without authority to appear before the Grand Jury. The witnesses contend that the statute authorizing the Attorney General to appoint special attorneys to conduct litigation requires that the Attorney General specifically designate the areas of responsibility of the attorneys so appointed and the types of cases in which they may participate. The witnesses contend that such a special designation is not found in the commission letters of either of the special attorneys who have been handling this matter before the Grand Jury.

The statute about which this controversy centers is 28 U.S.C. § 515(a), which reads:

The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

The meaning of this statute as it applies to attorneys assigned to the Organized Crime and Racketeering Section of the Department of Justice has recently received wide attention. The case which touched off the recent attention is United States v. Williams, 16 Cr.L.Rep. 2223 (W.D.Mo. November 15, 1974). In *Williams,* the Court ordered discovery of Government interdepartmental documents which were requested by the defendant pursuant to his ·attack on the authorization of government "strike force" attorneys. The Court, in ordering the discovery, expressed its concern that the Government's use of broad au-

thorization or appointment letters was in excess of the statutory requirements of § 515(a). In the *Williams* case, the Court dismissed the indictment with prejudice when the Government refused to comply with the Court's discovery Order. United States v. Williams, 16 Cr.L.Rep. 2225 (W.D.Mo. Dec. 3, 1974).

In United States v. Crispino, 392 F. Supp. 764 (S.D.N.Y.1975), Judge Werker held that the commission letter authorizing the strike force attorney to appear before the grand jury was not sufficiently specific and was inconsistent both with the intent of Congress in passing Section 515 and with the cases and practice thereunder.[1] The Court held that "the one element that is common to every case which has either upheld or dismissed challenges to the authority of special attorneys to appear before grand juries is that the commission letter at least described particularly the *type* of cases . . . that the special attorneys were to present to grand juries." 392 F.Supp. at 778. The Court expressed concern that the bold assertion of authority by the Attorney General to appoint special attorneys in any case regardless of its importance or the skill or knowledge which the case requires would allow special attorneys to supersede local United States Attorneys, an occurrence not intended by Congress under Section 515(a).

This restrictive view of the Attorney General's power to appoint special attorneys to appear before grand juries has not been followed by other courts which have considered the issue.[2] In fact, the Crispino decision has not been followed by other courts deciding the issue in the Southern District of New York.[3] Furthermore, the Court of Appeals for the Second Circuit has recently affirmed a contempt order of confinement where the defendant argued that a commission letter similar to the ones given to the attorneys presently before the Court were not sufficient under § 515(a).[4] The judges in this district who have faced the issue of the authority of strike force attorneys acting under letters of commission identical or similar to those in the case now before the Court have uniformly held that such

1. The commission letter in *Crispino*, and letters involved in the other recently decided cases under § 515(a), are similar to the letters commissioning the special attorneys involved in this case. These letters read as follows:

> The Department is informed that there have occurred and are occurring in the Eastern District of Pennsylvania and other judicial districts of the United States violations of federal criminal statutes by persons whose identities are unknown to the Department at this time.
>
> As an attorney at law you are specially retained and appointed as a Special Attorney under the authority of the Department of Justice to assist in the trial of the aforesaid cases in the aforesaid district and other judicial districts of the United States in which the Government is interested. In that connection you are specially authorized and directed to file informations and to conduct in the aforesaid district and other judicial districts of the United States any kind of legal proceedings, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States Attorneys are authorized to conduct.

> Your appointment is extended to include, in addition to the aforesaid cases, the prosecution of any other special cases arising in the aforesaid district and other judicial districts of the United States.
>
> You are to serve without compensation other than the compensation you are now receiving under existing appointment.
>
> Please execute the required oath of office and forward a duplicate thereof to the Criminal Division. Sincerely, s/ Henry E. Peterson, Assistant Attorney General.

2. Courts from at least eleven other Federal districts have not followed the *Crispino* reasoning and have upheld the broad power of the Attorney General to appoint special attorneys to appear before grand juries. See cases compiled in Government's Brief in Response to Witness Di Piero's Refusal to Provide Exemplar, 16–18.

3. See e. g. United States v. Jacobsen, 74 Cr. 936 (S.D.N.Y. March 3, 1975); United States v. Brown, 389 F.Supp. 959 (S.D.N.Y.1975).

4. In Re Grand Jury Subpoena of Alphonse Persico, 75–2030 (2d Cir., May 21, 1975).

letters are sufficiently specific to permit a strike force attorney to appear before a grand jury.[5]

The letters of commission in the instant case merely trace the language of § 515(a) and authorize and direct the attorneys "to conduct . . . any kind of legal proceedings, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States Attorneys are authorized to conduct." While concededly broad in scope, we believe that the authorization is sufficiently specific to permit the strike force attorneys involved herein to appear before the Grand Jury. Without extensively tracing the legislative history of § 515(a), we believe that it was the intent of Congress to permit flexibility in the appointment of Special Attorneys by the Attorney General. We concur with the well reasoned opinion of Judge Pollack in United States v. Brown, 389 F.Supp. 959 (S.D.N.Y.1975):

> It is exactly this point that this Court must disagree with the well-researched opinion of Judge Werker. The authorization here to the members of the Special Strike Force was without limitation—it was to prosecute "any kind of legal proceedings including Grand Jury proceedings." The commission was to meet the needs of modern law enforcement, to give the Strike Force prosecutor "adequate power to deal with the situation [any situation] without impairment of usefulness or unnecessary reduplication of labor."
>
> Section 515(a) of Title 28, U.S.C. may properly be read not as a limitation but as a broad grant authorizing commissions as general as those in the letters questioned here.

\* \* \* \* \* \*

No fundamental rights are at stake here that need be conserved in the constitutional interests of criminal targets. There is a strong public interest in implementing the broad purposes of the Congress and the executive by upholding the authority of the special prosecutors of the Strike Force.

389 F.Supp. at 962.

Accordingly, the following Orders are entered:

### ORDER

And now, this 2nd day of June, 1975, upon consideration of the Government's Motion to Hold Witness Ralph Di Piero in Civil Contempt, it is hereby ordered that the witness, Ralph Di Piero, be adjudged in civil contempt of this Court, pursuant to the provisions of Title 28, United States Code, Section 1826.

It is further ordered that the witness, Ralph Di Piero, appear before this Court on Friday, June 6, 1975, at 9:30 a. m. in Courtroom 13, United States Courthouse, for commitment, pursuant to the provisions of Title 28, United States Code, Section 1826.

### ORDER

And now, this 2nd day of June, 1975, upon consideration of the Government's Motion to Hold Witness John Grande in Civil Contempt, it is hereby ordered that the witness, John Grande, be adjudged in civil contempt of this Court, pursuant to the provisions of Title 28, United States Code, Section 1826.

It is further ordered that the witness, John Grande, appear before this Court on Friday, June 6, 1975, at 9:30 a. m. in Courtroom 13, United States Courthouse, for commitment, pursuant to the provisions of Title 28, United States Code, Section 1826.

5. United States v. Corbo, Cr. 74–656 (E.D. Pa. Jan. 29, 1975) (VanArtsdalen, J.); United States v. Sindone, Cr. 74–363 (E.D. Pa. Mar. 10, 1975) (Green, J.); United States v. Baynes, Cr. 74–423 (E.D.Pa. Mar. 18, 1975) (Hannum, J.).